(75 South. 829)

SMITH v. STATE. (3 Div. 257.)

(Court of Appeals of Alabama. May 29, 1917. Rehearing Denied June 15, 1917.)

1. HOMICIDE ⬤⟐300(13)—SELF-DEFENSE—INSTRUCTIONS.

In a prosecution for murder, charges omitting freedom from fault in bringing on the difficulty were objectionable.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 628.]

2. CRIMINAL LAW ⬤⟐789(2)—INSTRUCTION.

A charge failing to state of what the jury should be in doubt was bad.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1906–1908.]

---

⬤⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. HOMICIDE ⬤═35 — MANSLAUGHTER—MALICE.**

Defendant could be guilty of manslaughter without having entertained malice in the killing.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 56.]

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

John Smith was convicted of manslaughter, and he appeals. Affirmed.

The court refused to give, at the request of the defendant in writing, 13 charges, and the refusal of the court to give these charges calls for review.

R. B. Smythe, of Greenville, for appellant. W. L. Martin, Atty. Gen., for the State.

SAMFORD, J. [1] Charges 1, 2, 3, 5, 6, 7, 10, 11, A2, and A3 are all objectionable for the reason, among others, that they omit freedom from fault in bringing on the difficulty.

[2] Charge 4 is bad because it fails to say of what the jury should be in doubt.

[3] Charges 8 and 9 are bad because the state might fail to prove malice and still the defendant would be guilty of manslaughter.

There is no error in the record, and the judgment is affirmed.

Affirmed.